USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT L. GELTZER,

              Plaintiff,

-v-

UTIX GROUP, INC.,

              Defendant.

No. 07 Civ. 2472 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

On January 24, 2008, Hodgson Russ LLP submitted a proposed order to show cause relating to its motion to withdraw as counsel for defendant Utix Group, Inc. in the above-entitled action. By affidavit dated January 23, 2008, Mark A. Harmon, a member of Hodgson Russ LLP, presents the following bases for withdrawal: (1) defendant has ceased to cooperate and/or to communicate with Hodgson Russ LLP with regard to the instant action; and (2) defendant has failed to "indicate[] its commitment to pay for legal fees and costs incurred in defending [the] action." (Marcus Aff. ¶¶ 1-2.) However, in its submissions, Hodgson Russ LLP does not indicate that it has served notice upon defendant of its motion to withdraw as counsel.

Disciplinary Rules 2-110(C)(1)(d) and (f) of the New York Code of Professional Responsibility provide for permissive withdrawal of counsel if their client either "renders it unreasonably difficult" for counsel to represent effectively the client or if the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Code Prof. Resp. DR 2-110(C)(1)(d), (f); *accord* ABA Model Code Prof. Resp. DR 2-110(C)(1)(d), (f). In addition, pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "[c]ourts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory

reason' for withdrawal [of counsel]."[1] *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases). As such, "[n]umerous courts have permitted attorneys to withdraw when clients deliberately disregard fee agreements," *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (collecting cases), or where clients fail to cooperate or to communicate with counsel, *see, e.g., Statute of Liberty v. Intern. United Indus.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986).

Accordingly,

IT IS HEREBY ORDERED that Hodgson Russ LLP shall file its motion, and supporting papers, with the Court forthwith.

IT IS FURTHER ORDERED that Hodgson Russ LLP shall serve a copy of this Order, as well as a copy of its motion and supporting papers upon all parties by January 28, 2008, and file proof of service with the Court.

IT IS FURTHER ORDERED that defendant Utix shall submit a letter by Monday, February 4, 2008, stating either its opposition, if any, to Hodgson Russ LLP's motion to withdraw or its intention to retain new counsel.[2]

SO ORDERED.

Dated:   New York, New York
         January 24, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant Local Civil Rule 1.4, a motion to withdraw as counsel may be granted "upon a showing by affidavit." Local Civil Rule 1.4.

[2] The Court notes that, because defendant is a corporation, it must be represented by an attorney in this action.