

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT L. GELTZER,

               Plaintiff,

-v-

UTIX GROUP, INC.,

               Defendant.

No. 07 Civ. 2472 (RJS)

ORDER

---

RICHARD J. SULLIVAN, District Judge:

On January 25, 2008, Hodgson Russ LLP submitted a motion in the above-entitled action to withdraw as counsel for defendant Utix Group, Inc. Mark A. Harmon, Esq., a member of Hodgson Russ LLP, presents the following bases for withdrawal: (1) defendant has ceased to cooperate and/or to communicate with Hodgson Russ LLP with regard to the instant action; and (2) defendant has failed to "indicate[] its commitment to pay for legal fees and costs incurred in defending [the] action." (Harmon Aff. ¶¶ 1-2.)

Disciplinary Rules 2-110(C)(1)(d) and (f) of the New York Code of Professional Responsibility provide for permissive withdrawal of counsel if their client either "renders it unreasonably difficult" for counsel to represent effectively the client or if the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Code Prof. Resp. DR 2-110(C)(1)(d), (f); *accord* ABA Model Code Prof. Resp. DR 2-110(C)(1)(d), (f). In addition, pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "[c]ourts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal [of counsel]."[1] *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d

---

[1] Pursuant Local Civil Rule 1.4, a motion to withdraw as counsel may be granted "upon a showing by affidavit." Local Civil Rule 1.4.

164, 166 (E.D.N.Y. 2006) (collecting cases). As such, "[n]umerous courts have permitted attorneys to withdraw when clients deliberately disregard fee agreements," *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (collecting cases), or where clients fail to cooperate or to communicate with counsel, *see, e.g., Statute of Liberty v. Intern. United Indus.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986).

Accordingly,

IT IS HEREBY ORDERED that Hodgson Russ LLP's motion to withdraw as counsel for defendant Utix is GRANTED.

By letter dated February 4, 2008, Scott J. Pashman, Esq., of Cooley Godward Kronish LLP submitted a letter indicating that his firm "would appear in this matter in substitution of Hodgson Russ LLP." (Mr. Pashman's Feb. 4, 2008 Ltr.) To date, Cooley Godward has not filed a notice of appearance in this action on behalf of Utix.

Accordingly,

IT IS FURTHER ORDERED that defendant Utix shall submit a letter by March 17, 2008, indicating that substitute counsel has filed a notice of appearance on its behalf, or explaining its failure to obtain counsel by that date.[2]

SO ORDERED.

Dated:   New York, New York
         March 10, 2008

/s/ Richard J. Sullivan
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that, because defendant is a corporation, it must be represented by an attorney in this action. *See, e.g., Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] corporation must appear through licensed counsel . . . .").

2